# Order

Michigan Supreme Court
Lansing, Michigan

May 6, 2011

142015 & (12)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

MICHAEL JOSEPH CORDES,
        Defendant-Appellant.

SC: 142015
COA: 299437
Alcona CC: 09-001315-FH

_____/

On order of the Court, the motion for leave to file brief amici curiae is GRANTED. The application for leave to appeal the September 15, 2010 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARILYN KELLY, J. (*dissenting*).

I respectfully dissent from the Court's order denying defendant's application for leave to appeal. The Michigan constitution prohibits cruel or unusual punishment[1] and the United States constitution prohibits cruel and unusual punishment.[2] I would grant leave to consider whether the requirement in MCL 750.520c(2)(b) of lifetime monitoring for offenders convicted of second degree criminal sexual conduct (CSC II) constitutes cruel and/or unusual punishment. This is a jurisprudentially significant issue that the Court should address.

Defendant and the parties amicus curiae presented significant evidence that MCL 750.520c(2)(b) is the harshest law of its kind in the United States. It is the only one that leaves the judge no sentencing discretion and has no ameliorative mechanism. In addition, the offender bears the entire financial burden of monitoring regardless of his or

---

[1] Const 1963, art 1, sec 16.

[2] US Const, Am VIII.

her ability to pay. Failure to pay is a felony punishable by up to two years in prison and a fine. The estimated lifetime cost of monitoring can be significant, in this case between $100,000 and $300,000. Offenders must wear a monitoring device at all times except when it is charging; they must stay within 12 to 50 feet of the device while it charges for 2 to 4 hours a day; and they must wait outside buildings for 10 minutes before entering to ensure satellite contact.

The defendant in this case has been sentenced to prison time and lifetime monitoring. He is entitled to be punished in accordance with the Michigan and United States constitutions. I believe he has raised a valid question about whether MCL 750.520c(2)(b) is constitutional.

Accordingly, I disagree with the Court's decision to deny defendant's application for leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 6, 2011

Clerk

h0503